IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RUBIN R. WEEKS                                                                                      PETITIONER

VS.                                                               CIVIL ACTION NO.  3:15cv283-CWR-FKB

STATE OF MISSISSIPPI and
MISSISSIPPI DEPARTMENT OF CORRECTIONS                          RESPONDENTS

**REPORT AND RECOMMENDATION**

This matter is before the Court *sua sponte*.  Petitioner, Rubin R. Weeks, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, or alternatively, pursuant to 28 U.S.C. § 2254, or alternatively, a writ of mandamus, which was received by this Court on April 14, 2015.

Weeks, currently in the custody of the Missouri Department of Corrections, is serving concurrent sentences of thirty years and life in prison resulting from guilty pleas to charges of kidnapping and rape in 1992.  *Weeks v. Bowersox*, 119 F.3d 1342, 1343-1344 (8th Cir. 1997).  In this petition, Weeks attacks the State of Mississippi's detainer lodged against him with the Missouri Department of Corrections in 1991. [8-3], [8-4]. The charges listed in the detainer are based on Weeks's 1988 and 1989 convictions in Mississippi on a charge of burglary and on several charges of uttering forgery, arising out of three different Mississippi counties.  *Id.*

Respondents have filed a Motion to Dismiss [8], arguing, *inter alia,* that Weeks's petition should be dismissed with prejudice as untimely filed. *See* 28 U.S.C. § 2244(d).  The State has also filed a Motion to Supplement [15] Respondents' Motion to Dismiss with a copy of the Mississippi Parole Board's June 8, 2015, decision that formally revoked Weeks's parole based on his 1992 Missouri convictions for rape and kidnapping.

On two prior occasions before this Court, in Civil Action No. 3:94cv523-TSL-AGN and

Civil Action No. 3:99cv734-TSL-AGN, Weeks filed petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254.  In both petitions, Weeks attacked the detainer that is the subject of the current petition for habeas corpus relief.

The Court dismissed both petitions.  On October 27, 1994, the Court dismissed Civil Action No. 3:94cv523-TSL-AGN without prejudice for Weeks's failure to exhaust state court remedies.  On May 8, 2000, the Magistrate Judge recommended dismissal of Civil Action No. 3:99cv734-TSL-AGN with prejudice, stating,

> It is the opinion of the undersigned that the one-year statute of limitations has run against Weeks, and that his current petition should be dismissed with prejudice. Regardless of whether his petition is construed as attacking his original conviction in Scott County, his later convictions in Bolivar or Coahoma Counties, his charge of parole violation, his extradition to Missouri, *or the Mississippi detainer*, all of these events occurred prior to the passage of the AEDPA. Therefore, the one-year statute began running on the AEDPA enactment date, April 24, 1996, and continued running until April 24, 1997.  *Flanagan* [*v. Johnson*], 154 F.3d [196,] 200-02 [(5th Cir. 1998)].  Weeks's filing of this habeas petition on October 18, 1999, was over two years after the limitations period had run.

Report and Recommendation, [14] at 4, Civil Action No. 3:99cv734-TSL-AGN (emphasis added).  After considering Weeks's objections, the District Court adopted the Report and Recommendation and dismissed the petition with prejudice on May 25, 2000. *Id.* at [19], [20].

Considering these prior dismissals, the Court ordered the parties to show cause in writing by December 15, 2015, why this action should not be dismissed for lack of jurisdiction as a "second or successive petition."  *See Burton v. Stewart*, 549 U.S. 147 (2007)(dismissing a "second or successive" petition for habeas corpus relief for lack of jurisdiction when a petitioner failed to seek or obtain authorization to file in the district court.).  Moreover, this Court could find no record confirming that Weeks had filed a motion before the United States Court of

Appeals for the Fifth Circuit for an order authorizing this Court to consider the application. *See* 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").[1]

The Petitioner and Respondents filed Responses to the Order to Show Cause. [19], [20], and [21]. In Petitioner's Response [21], he acknowledged this Court's two previous rulings on his petitions, but argued that his case presents "exceptional circumstances warranting habeas relief." [21] at 2. Weeks uses the Response to attack, once again, the detainer lodged against him in 1991 by the State of Mississippi with the Missouri Department of Corrections. Weeks also raises the new argument that the Mississippi Parole Board's 2015 decision revoking his parole violated his due process rights.

The State responded to the Order to Show Cause. *See* [19], [20]. In the State's Response, the State agreed with the Court's assessment that it lacks jurisdiction to consider this petition because it is a "second or successive" petition and urged the Court to dismiss the petition on that basis.

Having considered the foregoing filings in light of *Burton*, the undersigned hereby recommends that this action be dismissed for lack of jurisdiction because the Court has determined that the petition is "second or successive." 28 U.S.C. § 2244 (b)(3)(A). Although Petitioner attempts to put a new spin on his arguments against the 1991 detainer, the fact remains

---

[1] The Court observes that the United States Court of Appeals for the Eighth Circuit has denied a petition filed by Weeks for authorization to file a successive habeas application in the district court and related to his convictions in Missouri. *See* Judgment, *Weeks v. Wallace*, No. 14-1376 (8th Cir. June 17, 2014).

that this Court has dismissed two of Weeks's prior petitions attacking the same 1991 detainer. Further, there is nothing before the Court to indicate that Petitioner has moved "for an order authorizing the district court to consider the application." 28 U.S.C. S 2244 (b)(3)(A). Because the undersigned recommends dismissal of the petition for lack of jurisdiction, the undersigned also recommends that Respondents' Motion to Dismiss [8] be denied as moot. By separate order, the Court will address the pending Motion to Supplement [15] and other remaining motions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 15th day of January, 2016.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE