IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RUBIN R. WEEKS**                                                                                 **PETITIONER**

V.                                                              **CAUSE NO. 3:15-CV-283-CWR-FKB**

**STATE OF MISSISSIPPI and**                                           **RESPONDENTS**
**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS**

## ORDER

Before this Court are several motions filed by petitioner, two motions for leave to appeal *in forma pauperis*, Docket Nos. 31 and 38, two motions to appoint counsel, Docket Nos. 32 and 39, a motion for declaratory judgment, Docket No. 36, and a motion for evidentiary hearing, Docket No. 40. The state filed a response to the motion for an evidentiary hearing, Docket No. 41, and to the motion for declaratory judgment, Docket No. 42. Having reviewed the parties' briefing and applicable law, the Court is ready to rule.

Petitioner's motions for leave to appeal *in forma pauperis* are granted in part and denied in part. Petitioner's motions to appoint counsel, motion for declaratory judgment and motion for an evidentiary hearing are denied for lack of jurisdiction.

                                     **I.**      **Motions for Leave to Appeal** *In Forma Pauperis*

On March 31, 2016, petitioner filed a notice of appeal regarding this Court's judgment, Docket No. 30. He also filed a motion for leave to appeal *in forma pauperis*. Docket No. 31. Because the motion did not include necessary information regarding petitioner's financial ability to pay, the Court ordered him to produce a copy of his inmate trust account statement. Docket No. 33. Petitioner submitted this information, Docket No. 35, and filed another motion for leave to appeal *in forma pauperis*, Docket No. 38.

Pursuant to Federal Rules of Appellate Procedure Rule 24, petitioner was required to file the motion to for leave to appeal *in forma pauperis* in district court. Under federal law, a court may allow an indigent litigant to proceed with a suit or appeal without prepayment of fees. *See* 28 U.S.C. § 1915(a). That law, however, places more stringent requirements upon a prisoner seeking IFP status. The relevant conditions are reproduced here:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
> 
>     (A) the average monthly deposits to the prisoner's account; or
>     (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> 
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* § 1915(b).

In this case, Weeks submitted a copy of his inmate trust account statement covering transactions from November 2015 to early May 2016. During that period of time, Weeks received fairly regular deposits to his inmate trust account. *See* Docket No. 35, at 5-9. His account statement does show he has some income.[1] Based on the inmate trust account statement, Weeks received deposits of at least $200.00 each month for the last six months. The inmate trust account statement indicates that Weeks may not be able to pay the full filing fee up front, but he does have the means to make monthly installments towards the filing fee. The Court calculated the six-month average deposit amount as $273.50 and the six-month average balance amount as

---

[1] "Income" means "whatever sums enter a prison trust account, disregarding the source." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998).

3.8 cents. Pursuant to 28 U.S.C. § 1915(b), the "greater" of the two options available for the initial partial filing fee is $273.50. Accordingly, twenty percent of that amount that Weeks is required to pay as an initial partial filing fee is $54.70. It is hereby ordered that within 20 days from the entry of this order, petitioner must submit the initial partial filing fee of $54.70 to this Court. Petitioner's payment shall be sent to the Clerk of the Court, 501 E. Court Street, Jackson, Mississippi 39201, accompanied by a statement that the money is being submitted as partial payment of the appeal filing fee for civil action number (No. 3:15cv283) and appeal number (No. 16-60196), on behalf of petitioner, Rubin Rurie Weeks.

In addition to the initial partial filing fee, Weeks must make monthly payments of 20% of the preceding month's income credited to his inmate account until the total appeal filing fee of $505.00 is paid in full. The prison where Weeks is incarcerated is required by law, when his inmate account exceeds the amount of $10.00 to forward monthly payments with petitioner's name, civil action number (No. 3:15cv283) and appeal number (No. 16-60196) written on the payment to the Clerk of the Court, 501 E. Court Street, Ste. 2.500, Jackson, Mississippi 39201, with each payment being a sum which equals 20% of the preceding month's income credited to Weeks's inmate account. Weeks is currently in the custody of the Missouri Department of Corrections. Accordingly, a copy of this Order will be mailed to the Missouri Department of Corrections Inmate Banking, P.O. Box 1609, Jefferson City, Missouri 65102.

## II.   All Other Motions

Petitioner has filed four other motions that are pending before this Court. Docket Nos. 32, 36, 39, and 40. Petitioner filed two motions to appoint counsel, Docket Nos. 32 and 39. The Magistrate Judge dismissed petitioner's previous motion to appoint counsel as moot based on the recommendation that his action be dismissed for lack of jurisdiction. Docket No. 23. Petitioner

filed a motion pursuant to Rule 60 or alternatively for declaratory judgment. Docket No. 36. He also filed a motion for an evidentiary hearing. Docket No. 42.

The filing of the notice of appeal, Docket No. 30, divested this court of jurisdiction "except to take action in aid of the appeal until the case is remanded to it by the appellate court, to to correct clerical errors under Rule 60(a)." *Travelers Ins. Co. v. Liljeberg Enters.*, 38 F.3d 1404, 1407 (5th Cir. 1994) (external citation omitted). Since the remaining motions were filed after petitioner filed his notice of appeal, this Court is without jurisdiction to take any action on them. Therefore, petitioner's two motions to appoint counsel, Docket No. 32 and 39, motion for declaratory judgment, Docket No. 36, and motion for evidentiary hearing, Docket No. 40, are denied based on the Court's lack of jurisdiction due to the pending appeal.

### III. Conclusion

Accordingly, petitioner's motions for leave to appeal *in forma pauperis* are granted in part and denied in part, and petitioner's motions to appoint counsel, motion for declaratory judgment, and motion for evidentiary hearing are denied for lack of jurisdiction based on his pending appeal.

**SO ORDERED,** this the 14th day of June, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE